UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE EVANS, #09024-041,

       Petitioner,

v.                            CASE NO. 2:16-CV-12872
                             HONORABLE PAUL D. BORMAN

J. A. TERRIS,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING THE
## PETITION FOR A WRIT OF HABEAS CORPUS

### I.  Introduction

Federal prisoner Monroe Evans ("Petitioner"), currently confined at the Federal

Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 seeking relief from certain federal criminal

convictions and sentences.  He seeks to vacate those convictions, a re-sentencing, and/or

immediate release from federal custody.

Promptly after the filing of a habeas petition, the Court must undertake a

preliminary review of the petition to determine whether "it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243

(directing courts to grant the writ or order the respondent to answer "unless it appears

from the application that the applicant or person detained is not entitled thereto"); *Perez*

*v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the petition must be dismissed.

## II.  Facts and Procedural History

On March 28, 2000, Petitioner was convicted in the United States District Court for the Eastern District of Missouri of:  (1) knowingly transporting an individual in interstate commerce with the intent that the individual engage in prostitution under the Mann Act, 18 U.S.C. § 2421; (2) knowingly persuading, inducing, or enticing an individual to travel in interstate commerce to engage in prostitution under 18 U.S.C. § 2422(a); (3) conspiracy to violate the Mann Act under 18 U.S.C. § 371; (4) two counts of money laundering under 18 U.S.C. § 1956(a)(1)(A)(i); (5) money laundering under 18 U.S.C. § 1956(a)(1)(B)(i); and (6) conspiracy to launder money under 18 U.S.C. § 1956(h). *See* Dkt. Nos. 328, 329, *United States v. Evans*, No. 4:00-cr-00003-JCH-5 (E.D. Mo.). On June 16, 2000, the trial sentenced him to a total of 396 months (33 years) imprisonment on those convictions. *See* Dkt. Nos. 419, 420, *United States v. Evans*, No.

4:00-cr-00003-JCH-5 (E.D. Mo.).  On appeal, the United States Court of Appeals for the
Eighth Circuit affirmed Petitioner's convictions, but remanded for re-sentencing due to an
Ex Post Facto Clause violation with respect to the prostitution convictions.  *United States
v. Evans*, 272 F.3d 1069 (8th Cir. Nov. 27, 2001).  The United States Supreme Court
denied certiorari.  *Evans v. United States*, 535 U.S. 1029 (2002).

On remand, the trial court conducted a re-sentencing hearing on March 22, 2002
and corrected the Ex Post Facto problem, but re-sentenced Petitioner to the same overall
sentence of 396 months (33 years) imprisonment.  *See* Dkt. Nos. 646, 647, *United States
v. Evans*, No. 4:00-cr-00003-JCH-5 (E.D. Mo).  On appeal, the Eighth Circuit affirmed
the new sentences.  *United States v. Evans*, 314 F.3d 329 (8th Cir. 2003).  The Supreme
Court denied certiorari.  *Evans v. United States*, 539 U.S. 916 (2003).

Petitioner dated the instant habeas petition on July 28, 2016 and it was filed by this
Court on August 4, 2016.  In his current pleadings, Petitioner asserts that he is entitled to
habeas relief because his money laundering convictions are no longer valid due to a
change/clarification in statutory interpretation for those offenses as set forth in *United
States v. Santos*, 553 U.S. 507 (2008) (ruling that the money laundering statute's term of
"proceeds" should be interpreted to mean "profits" rather than "receipts").  Petitioner
asserts that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective and that he is
actually innocent of the money laundering convictions.

### III.  Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241.  His

habeas claim, however, concerns the validity of his federal money laundering convictions and sentences. A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Moreover,

-4-

§ 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."); *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture.").  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Petitioner asserts that he should be allowed to proceed under § 2241 via the "savings clause" of § 2255 because he is actually innocent of his money laundering convictions based upon *Santos*. *See Wooten*, 677 F.3d at 307-09 (ruling that *Santos* is retroactive and allowing petitioner to proceed under § 2241 since he previously filed a motion under § 2255 and a second motion would be time-barred, but affirming denial of relief under § 2241 because petitioner failed to establish his actual innocence).  This argument, however, puts the cart before the horse.  Petitioner fails to establish that his

remedy under § 2255 is inadequate or ineffective. The record before this Court does not

show that he has previously filed a motion to vacate sentence under § 2255 with the

federal trial court. *See* Dkt., *United States v. Evans*, No. 4:00-cr-00003-JCH-5 (E.D.

Mo.). Petitioner must first seek such relief under § 2255 in the United States District

Court for the Eastern District of Missouri before proceeding under § 2241 in this Court.

*See Capaldi*, 135 F.3d at 1124; *see also Copeland v. Hemingway*, 36 F. App'x 793,

794-95 (6th Cir. 2002).

   While the one-year statute of limitations applicable to actions brought under

§ 2255 may pose a problem for Petitioner given the passage of time since his convictions

and sentences became final in 2003, and, more importantly since *Santos* was decided in

2008, the statute of limitations is an affirmative defense and is not jurisdictional. *Day v.

McDonough*, 547 U.S. 198, 209 (2006). Moreover, the one-year limitations period is

subject to statutory and equitable tolling. 28 U.S.C. § 2255(f); *Hargrove v. Brigano*, 300

F.3d 717, 719 (6th Cir. 2002). There is also an exception for a claim of actual innocence.

*McQuiggan v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d

577, 599 (6th Cir. 2005). Given that Petitioner may be allowed to proceed on a motion to

vacate sentence under § 2255 by raising such tolling and/or actual innocence arguments,

he fails to establish that his remedy under § 2255 is inadequate or ineffective. He is thus

not entitled to habeas relief under 28 U.S.C. § 2241.

   Lastly, the Court cannot *sua sponte* construe this habeas petition as a motion to

vacate sentence brought pursuant to 28 U.S.C. § 2255 (and transfer the case to the

appropriate court).  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  Accordingly, the Court shall dismiss without prejudice the petition.

### IV.  Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal money laundering convictions and sentences and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.  His claim is improperly brought under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The dismissal is without prejudice as to any relief that he may seek with the United States District Court for the Eastern District of Missouri and/or the United States Court of Appeals for the Eighth Circuit.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241.  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).  Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 13, 2016

-7-

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2016.

s/Deborah Tofil
Case Manager